IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOWARD WEATHERALL, JR, § | | |
|    ID # 01563404, § | No. 3:24-CV-2350-K-BW | |
|       Petitioner, § | | |
| § | *Consolidated with:* | |
| v. § | No. 3:24-CV-2351-K-BT | |
| § | No. 3:24-CV-2352-K-BW | |
| DIRECTOR, TDCJ-CID, § | | |
|       Respondent. § | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Before the Court in this consolidated action are Howard Weatherall, Jr.'s petitions for a writ of habeas corpus under 28 U.S.C. § 2254, received on September 17, 2024. (*See, e.g.*, Dkt. No. 3.) Based on the relevant filings and applicable law, the Court should **DISMISS** this consolidated habeas action with prejudice as barred by the statute of limitations.

## I. BACKGROUND

Weatherall, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), filed three separate habeas petitions under 28 U.S.C. § 2254 challenging each of three 2009 convictions and sentences in Hunt County, Texas. (*See* Dkt. No. 3 at 2; No. 3:24-CV-2351-K-BT,

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

Dkt. No. 3 at 2; No. 3:24-CV-2352-K-BW, Dkt. No. 3 at 2.)[2] Weatherall names the Director of TDCJ-CID as the respondent. (*See* Dkt. No. 3 at 1; No. 3:24-CV-2351-K-BT, Dkt. No. 3 at 1; No. 3:24-CV-2352-K-BW, Dkt. No. 3 at 1.) The Court consolidated the petitions into one case on September 26, 2024. (*See* Dkt. No. 4.)

In February 2009, Weatherall was convicted in the 354th Judicial District Court of Hunt County, Texas, of aggravated assault with a deadly weapon, possession of firearm by a felon, and possession of a fictitious or counterfeit instrument in Cause Nos. 25249, 25250, and 25437, respectively; he was sentenced to 40 years of incarceration in each case, to be served concurrently. *See State v. Weatherall*, Nos. 25249, 25250, 25437 (354th Jud. Dist. Ct., Hunt Cty., Tex. Feb. 17, 2009). On October 20, 2009, his aggravated assault and firearm convictions were affirmed on direct appeal; he did not appeal his counterfeit instrument conviction. *See Weatherall v. State*, No. 06-09-00114-CR, 2009 WL 3349159, at *1 (Tex. App.—Texarkana, Oct. 20, 2009, no pet.); *Weatherall v. State*, No. 06-09-00095-CR, 2009 WL 3349039, at *4 (Tex. App.—Texarkana, Oct. 20, 2009, no. pet.). Weatherall did not file a petition for discretionary review in the Texas Court of Criminal Appeals ("TCCA").

Weatherall's three state habeas applications—one for each conviction—were filed in the state trial court on February 20, 2023. *See Ex parte Weatherall*, Nos.

---

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in this consolidated action, No. 3:24-CV-2350-K-BW.

2

WRIT12340, WRIT12341, WRIT12342 (196th Jud. Dist. Ct., Hunt Cty., Tex. Feb. 20, 2023). On November 1, 2023, the TCCA denied the state habeas applications without written order on the findings of the trial court and on its independent review of the record. *See Ex parte Weatherall*, Nos. WR-94,724-01, WR-94,724-02, WR-94,724-03 (Tex. Crim. App. Nov. 1, 2023).

Weatherall now challenges his aggravated assault conviction on the grounds that he was denied effective assistance of trial and appellate counsel and that the state appellate court violated his due process rights. (*See* Dkt. No. 3 at 6-10.) He challenges his firearm conviction on the grounds that he was denied effective assistance of trial and appellate counsel. (*See* No. 3:24-CV-2351-K-BT, Dkt. No. 3 at 6-8.) He challenges his counterfeit instrument conviction on the ground that his guilty plea was involuntary based on the ineffective assistance of trial counsel. (*See* No. 3:24-CV-2352-K-BW, Dkt. No. 3 at 6-7.)

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to all federal petitions for habeas corpus filed after its effective date. *See* AEDPA, Pub. L. 104–132, 110 Stat. 1217-1221; *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Among its provisions, AEDPA establishes a one-year limitations period for state inmates seeking federal habeas relief. *See* 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Weatherall's counterfeit instrument conviction became final for purposes of § 2244(d)(1)(A) on March 19, 2009, when the 30-day period for filing a direct appeal expired. *See* Tex. R. App. P. 26.2(a) (stating that an appeal must be filed within 30 days of judgment); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires"). His aggravated assault and firearm convictions became final for purposes of § 2244(d)(1)(A) on November 19, 2009, after the expiration of the 30-day period for seeking further review after his convictions were affirmed on direct appeal. *See* Tex. R. App. P. 68.2(a); *Roberts*, 319 F.3d at 694. Weatherall does not allege that state action prevented him from filing a § 2254 petition earlier, nor does he allege any

newly recognized constitutional right made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B), (C).

Weatherall's allegations became known or could have become known through the exercise of due diligence prior to the date his convictions became final. Because the dates his convictions became final are the latest dates under § 2244(d), the one-year statute of limitations began to run from those dates, March 19, 2009 for the counterfeit instrument conviction and November 19, 2009 for the aggravated assault and firearm convictions. Weatherall filed this federal habeas action approximately 15 years later. His § 2254 petitions are therefore untimely in the absence of statutory or equitable tolling, or an applicable exception to the limitations period.

### A. Statutory Tolling

Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Weatherall's state habeas applications were filed in the state habeas court in February 2023, over 12 years after his limitations periods expired on March 19, 2010 and November 19, 2010. His state habeas applications therefore do not toll the limitations periods under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a habeas application filed in state court after expiration of the limitations period does not statutorily toll the limitations period); *see also Palmer v. Brown*, No. 3:22-CV-086-C-BT, 2023 WL

1973279, at *3 (N.D. Tex. Jan. 10, 2023), *rec. adopted*, 2023 WL 1972010 (N.D. Tex. Feb. 13, 2024).

## B. Equitable Tolling

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 2000) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "'applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation omitted), *abrogated on other grounds by Causey v. Cain*, 184 F.3d 398, 402 (5th Cir. 2006).

A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (citation and internal quotation marks omitted). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000). Courts must examine each case to determine if there are sufficient exceptional circumstances warranting equitable tolling. *See Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Because Weatherall has not provided any basis for equitably tolling the applicable limitations periods, he fails to meet his burden to show entitlement to equitable tolling.

**C. <u>Actual Innocence</u>**

The Supreme Court has held that even when a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a claim of actual innocence, if proved, can overcome the AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A tenable actual innocence claim "must be supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018). It must show that it is more likely than not that no reasonable factfinder would have convicted the petitioner in light of the new evidence and the evidence presented at trial. *See id.*

Weatherall does not allege that he is actually innocent of his offenses of conviction, and his claims do not present evidence of actual innocence. Accordingly, he cannot overcome the applicable AEDPA limitations periods under the actual innocence exception. His § 2254 petitions are therefore untimely.

## III. RECOMMENDATION

The Court should **DISMISS** this consolidated habeas action with prejudice as barred by the statute of limitations.

**SO RECOMMENDED** on November 21 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).